Martin, J.
delivered the opinion of the court.
This is a joint petition under the 5th sect, of the act, approved March 28th, 1840, “ abolishing imprisonment for debt,” to compel the defendant to pay the claims of the plaintiffs, or surrender his property to his creditors. The plaintiffs are appellants from a judgment sustaining the defendant’s excep[554] tion, on the ground that both the plaintiffs did not declare on oath, that “ they had reason to believe the defendant had property, rights or assets in the State, which might be made available to his creditors.”
The affidavit is made and sworn to by one of the plaintiffs only; and he swears that he has reason to believe, &c.; while the act under consideration requires, that “ the plaintiffs shall unite in a petition setting forth under oath that they home reason to believe the defendant has property, &c.”
It is clear the requisites of the law in this case have not been complied with. The law requires that it should be sworn, that two creditors have reason to believe, &c.; and as no one can swear that another has reason to believe, there must be two oaths, of two creditors. Here there is but the oath of one creditor. He necessarily swears to his own belief only: non constat, that his belief is shared by the co-plaintiff.
But the affiant has two judgments against the defendant, and he contends that ho is twice a creditor, which in Ms opinion gives Mm the capacity of two creditors. He urges that as this court held in the case of Millaudon v. Allard, 2 La. Rep. 551, one might be subrogated to himself; why he might notin the present case be considered as uniting with himself. We there held that the mortgage creditor who purchases the premises may repel a younger mortgage creditor seeking the sale of them, on the ground that the older mortgage still exists; because the first mortgagee cannot have a mortgage on property which has become his own. It is clear that in such a case, the older mortgage exists and retains its priority against the younger ones, which perhaps cease •to exist, because the sale under the first mortgage has left nothing for them to act upon. Were the premises purchased by any but the mortgage creditor, the vendee could exercise his right against a younger mortgagee by a kind of *335 subrogation, in the same manner the purchase by the first mortgagee would subrogate him to his original right, against a younger mortgagee seeking to disturb him. From the decision in the above case it cannot be inferred [555] that a creditor of two judgments can unite with himself in an application for a remedy which the law grants only on the demand of two creditors.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.